**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-762 |
| ) | |
| MICHAEL REGAN, Administrator, U.S. ) | |
| Environmental Protection Agency, in his ) | |
| official capacity, *et al.*, ) | |
| *Defendants*. ) | |
| ) | |

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

Plaintiffs Environmental Defense Fund, Center for Environmental Health, Defend Our Health, Natural Resources Defense Council, and Sierra Club, and Defendants the Environmental Protection Agency and Michael Regan, its Administrator (collectively, "EPA"), submit this Joint Case Management Statement & [Proposed] Order under Federal Rule of Civil Procedure 26(f), Local Civil Rule ("LCvR") 16.3(c), and this Court's standing order. They respectfully request that this Court adopt this as the Case Management Order in this case.

**JOINT CASE MANAGEMENT STATEMENT**

## I. Brief Statement of the Case

This case is about the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2601-97, and its implementing regulations. Plaintiffs allege that EPA did not comply with TSCA's various notice and disclosure requirements for over 200 applications to manufacture chemicals, which establishes a pattern or practice of violation and failure to disclose.

Plaintiffs bring this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and TSCA's citizen-suit provision, 15 U.S.C. § 2619(a). First Amended

Complaint ("FAC") ¶ 11, Dkt. No. 16. They bring ten counts, which fall into three distinct categories:

1. Plaintiffs allege in Counts I-III ("Insufficient Notice Claims") that EPA violated TSCA by not complying with requirements: (1) to publish notice of the receipt of certain applications in the Federal Register by the statutory deadline; and (2) to include specific information in the notices. FAC ¶¶ 144-166; *see also id.* ¶¶ 86-96.

2. Plaintiffs allege in Counts V-X ("Incomplete Application Claims") that EPA violated TSCA's mandate that EPA "ma[k]e available" all non-confidential information submitted with or in support of a new chemical application. 15 U.S.C. § 2604(d)(1); *see also* 40 C.F.R. § 720.95. Plaintiffs allege that in response to their requests, EPA provided applications that were unlawfully incomplete as they did not include all the documents that Plaintiffs allege they are entitled to under TSCA. FAC ¶¶ 172-240; *see also id.* ¶¶ 103-143.

3. Plaintiffs allege in Count IV that EPA failed to comply with its own regulations, 40 C.F.R. § 700.17(b)(1), by failing to place the applications in an online docket at [www.regulations.gov](www.regulations.gov) as required. FAC ¶ 167-171; *see also id.* ¶¶ 97-102.

For the first two categories of claims, Plaintiffs allege that EPA acted in violation of TSCA and its implementing regulations, giving rise to a cause of action under both the APA, 5 U.S.C. § 706(2), and the "violation" prong of TSCA's citizen suit provision, 15 U.S.C. § 2619(a)(1). *See*, *e.g.*, FAC ¶¶ 181-182. As an alternative basis for relief, Plaintiffs allege that EPA's failure to provide the required materials constitutes a failure to act, giving rise to a cause of action under both the APA, 5 U.S.C. § 706(1), and the "non-discretionary" duty prong of TSCA's citizen suit provision, 15 U.S.C. § 2619(a)(2). *See*, *e.g.*, FAC ¶¶ 183-184.

For the third category—EPA's failure to place applications online—Plaintiffs allege only that EPA failed to act, and that this inaction gives rise to a cause of action under the APA, 5 U.S.C. § 706(1), and the "non-discretionary" duty prong of TSCA's citizen suit provision, 15 U.S.C. § 2619(a)(2).

Given the large number of instances in which EPA allegedly did not comply with TSCA's disclosure requirements and the duration of alleged non-compliance, spanning well over two years, Plaintiffs have alleged that EPA has a pattern or practice of non-compliance.

EPA contests that (1) some or all the identified statutes and regulations impose the duties identified by Plaintiffs and (2) to the extent that they do, EPA has failed to fulfill all such duties. EPA further disputes that it has a "pattern or practice" of failing to satisfy statutory or regulatory duties. EPA reserves all other defenses.

## II. History of this Case

Plaintiffs filed their original Complaint on March 18, 2020, Dkt. No. 1, to which EPA filed an Answer on May 29, 2020, Dkt. No. 14. Plaintiffs then filed their First Amended Complaint on June 19, 2020, to which EPA filed an Answer on July 20, 2020.

Subsequently and pursuant to the Court's Standing Order and Local Civil Rule 16.3, the parties conferred and filed a Joint Case Management Statement on June 29, 2020, Dkt. No 19, informing the Court that while the parties agreed on a number of procedural issues, the parties disagreed on issues relating to the administrative record, discovery, and the appropriate schedule for summary judgment briefing. *Id.* The parties indicated that they believed that they might be able to resolve some of these issues, thereby reducing the number and complexity of procedural issues before the Court, and requested an additional four weeks to file a Joint Case Management Statement. The Court granted the parties' request and

ordered that the parties file a joint status report no later than July 27, 2020. Minute Order (June 30, 2020).

In addition, as discussed below, the parties initiated discussions to evaluate the potential for settlement of some or all of Plaintiffs' claims, but were unable to reach an agreement and have terminated those discussions.

The parties have subsequently conferred on a number of occasions, and as discussed below, have developed a framework for resolving the disputed issues regarding the record in this case.

### III. Issues Discussed by the Parties

The parties agree that this case can be resolved by motions for summary judgment. However, as detailed below, the parties disagree about whether an administrative record exists in this case and the availability and scope of discovery. Resolution of those questions will implicate the timing for any discovery, the appropriate deadline for the parties to submit final amended pleadings, and the appropriate schedule for summary judgment briefing.

### Disagreements regarding record and discovery

The parties agree that as to Count IV, Plaintiffs have only alleged that EPA failed to act, and therefore, that there is no EPA action on which to base a record and that those claims are not subject to record review.

However, for the remainder of the claims in Counts I-III and V-X, the parties disagree as to the existence of a record.

Plaintiffs' position

For the Insufficient Notice and Incomplete Application claims, respectively Counts I-III and V-X, Plaintiffs have alleged that EPA took discrete actions that violated TSCA and were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Therefore, this Court's review must be based on the "whole record." 5 U.S.C. § 706; *see also Ctr. for Biological Diversity v. Ross*, 349 F. Supp. 3d 38, 43 (D.D.C. 2018) (record review governs suits brought under analogous citizen suit provision of the Endangered Species Act). To enable this Court's review, EPA has an obligation to certify the contents and file a copy of the administrative record for each action that is the subject of these claims. LCvR 7(n)(1).

For the Insufficient Notice Claims (Counts I-III), EPA took action each time EPA published a notice in the Federal Register announcing its receipt of an application to manufacture a new chemical.[1] For the Incomplete Application Claims (Counts V-X), EPA took action each time EPA produced a copy of the public file for a new chemical application to the Plaintiffs in response to Plaintiffs' requests. For each of these actions "[t]he administrative record includes all materials compiled by the agency that were before the agency at the time the decision was made." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (cleaned up).

Plaintiffs are also entitled to discovery for the limited purpose of establishing their pattern or practice allegations. *See, e.g.*, *Hispanic Affairs Project v. Acosta*, 901 F.3d 378,

---

[1] For two of the chemicals identified in Count III, T-17-0002 and T-19-0001, Plaintiffs allege that EPA failed to act by failing to publish the required notice. *See* FAC, Table 3. For those two chemicals, Plaintiffs agree that there is no record.

388 (D.C. Cir. 2018) (authorizing district court "to exercise its discretion to permit further discovery to ascertain the contours of the precise policy at issue." (cleaned up)).

EPA's position

At heart, all Plaintiffs' counts allege that EPA failed to take certain actions. In a failure-to-act case, there is, by definition, no agency action for which an administrative record already exists. Repackaging an alleged failure to act as an affirmative action—as affirmatively doing less than what is legally required—does not alter the fundamental claim. And it does not change the fact that no administrative record exists here.

That said, EPA is willing to work with Plaintiffs to explore possible ways to address their desire to see various documents.

Proposed Partial Resolution of Dispute Related to the Administrative Record

The parties have agreed on: (1) negotiating joint stipulations to resolve certain factual disputes and (2) engaging in motions practice to resolve the remaining dispute regarding the administrative record.

First, the parties are in the process of negotiating a set of joint stipulations of fact that address some of the factual allegations in Plaintiffs' First Amended Complaint. The parties anticipate finalizing these joint stipulations by the end of February 2022 or shortly thereafter.

Second, because the joint stipulations have not resolved the parties' disagreements related to the administrative record, Plaintiffs intend to file a motion to compel production of the administrative record shortly after the parties have finalized the joint stipulations. Following the Courts' resolution of the motion, the parties would file an updated case management statement.

**Other issues**

The parties discussed each of the elements required by Local Rule 16.3, and address them below:

1. The parties believe that this case will be resolved through motions for summary judgment rather than some other dispositive motion. There are no dispositive motions presently pending before the Court.

2. The parties do not anticipate the joinder of any other parties. At this time, Plaintiffs do not anticipate further amendment of pleadings, though Plaintiffs reserve the right to revisit the question of amendment and to request leave of Court to file an amendment, as appropriate, pursuant to Federal Rule of Civil Procedure 15. As noted above, the parties are discussing whether some of the factual and legal issues can be agreed on or narrowed.

3. The parties convened an initial discussion to evaluate the potential for settlement of some or all of Plaintiffs' claims on June 24, 2021.  Since then, the parties have had further discussions regarding the potential for settlement on July 22, 2021 and August 4, 2021, and exchanged settlement proposals on October 3 and November 19, 2021. The parties were unable to reach an agreement and have terminated those settlement discussions.

4. The parties do not believe they could benefit from the Court's alternative dispute resolution procedures at this time, but will continue to evaluate whether alternative dispute resolution could be beneficial.

5.  The parties propose to defer setting a schedule for summary judgment to allow for an opportunity to resolve issues related to the production of the administrative record and the implications for discovery.

6.  The parties' current discussions may resolve the initial-disclosure requirements of Federal Rule of Civil Procedure 26(a)(1).

7.  As noted above, the parties' current discussions may resolve some discovery issues set forth in LCvR 16.3(c)(8). Depending on the outcome of the parties' discussions, a protective order may be required.

8.  As noted above, the parties' current discussions may resolve some discovery issues set forth in LCvR 16.3(c)(9)

9.  The parties do not believe there will be a need for a trial. So there should be no disputes over the protection of trial-preparation material. If a privilege issue arises, the parties will attempt to resolve it before bringing it to the Court.

10. The parties do not expect the need for any expert witnesses.

11. This case does not involve a class action.

12. The parties do not believe there will be a need for a trial.

13. Therefore there is no need to schedule a pretrial conference.

14. Nor is there a need for the Court to set a trial date.

The parties request that the Court stay the requirement to submit further updated case management statements until Plaintiffs have filed their motion to compel production of the administrative record and the Court has entered its order on said motion.

Respectfully submitted this 31st day of January, 2022,

COUNSEL FOR PLAINTIFFS:

*/s/Tosh Sagar*
TOSH SAGAR
Earthjustice
1001 G Street, NW, Ste. 1000
Washington, DC 20009
Tel: 202-667-4500
tsagar@earthjustice.org


LAKENDRA BARAJAS, Admitted *Pro Hac Vice*
Earthjustice
48 Wall St., 15th Fl.
New York, NY 10005
Tel: 212-284-8025
lbarajas@earthjustice.org

COUNSEL FOR DEFENDANT:

*/s/ Caitlin McCusker*

Caitlin McCusker
Trial Attorney
U.S. Department of Justice
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-1950
Fax: (202) 514-8865
Caitlin.McCusker@usdoj.gov

## [PROPOSED] CASE MANAGEMENT ORDER

The above **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** is approved as the Case Management Order for this case and all parties shall comply with its provisions. In addition, the Court makes the further orders stated below:

IT IS SO ORDERED.

Dated: _____

_____
HON. EMMET G. SULLIVAN
United States District Judge