IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>LEE ZELDIN, Administrator, U.S. Environmental Protection Agency, in his official capacity, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:20-cv-762 (LLA) |

## STATUS REPORT

Plaintiffs file this status report, pursuant to the Court's Minute Order of October 1, 2025, which directed the parties to file a joint status report by October 31, 2025. Minute Order (Oct. 1, 2025). Although Defendants' ("EPA") responsive obligations are stayed pursuant to the Court's standing order regarding the lapse of appropriations, D.C. District Court Standing Order No. 25-55 (Oct. 1, 2025), Plaintiffs understand that their own responsive obligations may not be similarly stayed under the standing order and are filing this out of an abundance of caution and to be responsive to the Court's request for a status update.[1]

The Court directed the parties to "update[e] the court on [1] the status of production of the public files and [2] the parties' current dispute over the scope of the record." Minute Order.

---

[1] To coordinate a response, Plaintiffs' counsel emailed EPA counsel on October 1, 2025, and again on October 30, 2025. In the October 30 email, Plaintiffs' counsel expressly stated their intent to file this status report on their own behalf. EPA counsel responded and requested that we represent their position as follows: Plaintiffs' "undersigned counsel conferred with EPA's counsel who stated that (a) DOJ attorneys are unable to work on this matter due to the lapse in appropriations and (b) the government reads the D.D.C's standing order as delaying any joint status report obligations."

1

First, since the Court's August 20, 2024, Memorandum Opinion and Order, Dkt. No. 65, EPA has not produced any records to the Plaintiffs.

Second, there has been no change in the status of the parties' dispute regarding the scope of the record since the parties submitted their Joint Statement Regarding the Scope of the Record, Dkt. No. 69, on December 3, 2024.

As described in the Joint Statement, the parties reached certain agreements regarding the scope and production of the record, as well as the terms of a protective order. *See* Joint Statement at 3 ("For several of the counts, the parties have agreed on which documents constitute 'an adequate record to permit review.'" (citation omitted)); *id.* at 3 (describing "partial agreement" as to public files); *id.* at 12 (jointly agreeing to proposed protective order); Proposed Protective Order Governing Protected Information (Dec. 3, 2024) Dkt. No. 69-1.

However, the parties disagreed over other aspects of record production. Joint Statement at 1. Specifically, the parties "disagree[d] over whether EPA must produce the full, unredacted PMNs and support documents associated with these claims" to plaintiffs. *Id*. at 3. In essence, Plaintiffs took the position that the Court should order the production of PMNs—applications to manufacture new chemicals— and support documents, notwithstanding that they were designated as confidential by the company that submitted them, while EPA took the position that it should not have to turn over any such designated-confidential documents. *Compare id*. at 5-8 (Plaintiffs' position), *with id.* at 9-12 (EPA's Position). The parties stated that they "require[d] the Court to resolve [these] additional issues." *Id.* at 1.

No further discussions have taken place to resolve the dispute over the scope of the record since the December 3, 2024, submission of the Joint Statement given the need for the Court's intervention to resolve these diametrically opposed positions.

The December 3, 2024, Joint Statement provides the parties' respective positions as to the scope of the record, EPA's record production obligations (including a production deadline), and adopting a protective order as follows:

1) The Joint Statement identifies the specific documents the parties jointly agree should be part of the record, including those which EPA has agreed to produce with Batestamping, to Plaintiffs. Joint Statement at 1-3.

2) The Joint Statement also provides both parties' respective positions as to the remaining disputed issue regarding the scope of the record: whether designated-confidential documents are within the scope of the record and should be produced to Plaintiffs. *Id.* at 5-8 (Plaintiffs' position); *id.* at 9-12 (EPA's position). Plaintiffs have identified the specific records that it seeks to have the Court order included within the scope of the record and EPA to produce. *Id.* at 4 ("The Court should order EPA to produce the unredacted PMNs in Counts 5 and 6.").

3) The Joint Statement lays out both parties' respective positions on the timeframe for record production. *Id.* at 8 (requesting production in 45 days); *id.* at 12 (requesting 90 days if the Court orders production of documents designated confidential).

4) Finally, the parties have submitted an agreed joint proposed protective order, covering the handling of designated-confidential information, for the Court to adopt. Dkt. No. 69-1; *see* Joint Statement at 12.

Dated: October 31, 2025

Respectfully submitted,

COUNSEL FOR PLAINTIFFS:
/s/ *Tosh Sagar*
TOSH SAGAR
Earthjustice

1001 G Street, NW, Ste. 1000  
Washington, DC 20009  
Tel: 202-667-4500  
tsagar@earthjustice.org

LAKENDRA BARAJAS  
Earthjustice  
48 Wall St., 15th Fl.  
New York, NY 10005  
Tel: 212-284-8025  
lbarajas@earthjustice.org