**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, et al., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 20 - 762 (LLA) |
| LEE ZELDIN, et al., | |
| *Defendants*. | |

## PROTECTIVE ORDER GOVERNING PROTECTED INFORMATION

This Protective Order ("Order") shall govern the production, use, and submission of protected information or material claimed as protected information (together "PI") in the course of Civil Action No. 1:20-cv-762 (LLA) ("the Action") and shall preclude inappropriate use of such PI for purposes other than the Action and constitutes a court order for the purposes of Section 14(d)(9) of the Toxic Substances Control Act, 15 U.S.C. § 2613(d)(9), and of 40 C.F.R. § 2.209(d). This Order does not alter the requirement in certain regulations, e.g., 40 C.F.R. § 2.209(d), that the U.S. Environmental Protection Agency ("EPA" or "Agency") notify non-parties that EPA intends to disclose Confidential Business Information ("CBI") to a non-EPA party. If EPA will be disclosing the CBI of a non-party, found in Agency files, to a non-EPA party in the litigation, EPA may be required to notify the non-party either directly or by notice published in the *Federal Register*. This Order does not address the validity of any CBI claim that has been or will be made under federal statutes and regulations.

      1.     EPA shall not consider any disclosure of PI in the course of the Action to persons other than EPA to be a waiver of any claim of confidentiality related to the PI or to be a public

1

disclosure of such information, if the disclosure is made pursuant to the terms of this Order. No document containing or otherwise disclosing CBI shall be publicly filed with the Court. CBI shall be submitted to the Court only under seal in accordance with LCvR 5.1(h) and Paragraph 7(b) of this Order.

2.      PI shall include CBI and protected copyrighted information.

3.      Subject to the limitations of Paragraph 6 of this Order, "CBI" is defined as:

(a)      Any document containing material or information that was submitted to EPA under a claim of business confidentiality, including material constituting trade secrets or confidential business information pursuant to Section 14 of the Toxic Substances Control Act, 15 U.S.C. § 2613(a) and implementing regulations, and which is not subject to an EPA determination that the material or information does not qualify for protection.

(b)      Material, including all notes, memoranda, and calculations, that, if disclosed, may reveal information subject to subparagraph (a) of this paragraph.

4.      Subject to the limitations of Paragraph 6 of this Order, "Protected copyrighted information" is defined as:

(a)      Material that may be protected under the U.S. Copyright Act of 1976, Pub. L. No. 94-553, 90 Stat. 2541, codified, as amended, at Title 17 of the U.S. Code.

(b)      Material which, in the good-faith opinion of EPA, is likely to contain protected copyright information.

5.      This Order does not constitute and shall not be interpreted as an agreement that any of the materials in the Certified List of the Contents of the Administrative Record for the Action ("Certified List") are PI.

6.      Information that is or becomes publicly available through means other than as a result of a violation of this Order or a violation of other relevant confidentiality requirements

(including those imposed upon EPA) shall not constitute PI , and to the extent that a party

obtains information outside the context of the Action by means other than violating this Order

or violating other relevant confidentiality requirements (including those imposed upon EPA),

that party shall not be limited in its use of such information by this Order.

      7.    For the Action, CBI shall be designated, marked, and managed as follows:

      (a)    Defendant EPA will file the Certified List and, subject to this Order, will

produce documents identified in the Certified List that Plaintiffs request.  The requested

documents may contain CBI as defined in this Order.  Materials designated by EPA on the

Certified List as containing material claimed as CBI are, in all respects, considered to be

"SUBJECT TO PROTECTIVE ORDER IN CIVIL ACTION NO. 1:20-CV-762 (D.D.C.)."  In

any production of these documents to any non-EPA party to the Action, EPA shall indicate the

following at the top of each page of any document containing a CBI claim: "CBI - SUBJECT

TO PROTECTIVE ORDER IN CIVIL ACTION NO. 1:20-CV-762 (D.D.C.)."

      (b)    Briefs, pleadings, and other material filed with the Court that contain or

disclose CBI shall be filed in accordance with LCvR 5.1(h), with two sets of briefs filed (one

sealed, one redacted) and all pages that include CBI filed only under seal.  For purposes of

compliance with LCvR 5.1(h), and because of the burdens and delay associated with a

comprehensive page-by-page review for specific CBI in the administrative record, the entirety

of a document or other material identified as containing CBI in the Certified List shall be

treated as containing CBI.

      (c)    A party who intends, during any hearing in the Action, to present argument

or other material containing CBI shall so advise the other parties and the Court so that any

appropriate steps may be taken before such presentation or reference is made and shall arrange

for the pages of any transcript containing such information to be marked "CBI - SUBJECT TO

PROTECTIVE ORDER IN CIVIL ACTION NO. 1:20-CV-762 (D.D.C.)."  Any party

participating in the hearing, or the parties jointly, may submit a motion to the Court providing

suggested procedures or protocols to protect the confidentiality of PI at that hearing, including

but not limited to moving for a closed hearing.

8.    For the Action, protected copyright information shall be designated, marked, and

managed as follows:

(a)    Defendant EPA will file the Certified List and, subject to this Order, will

produce documents identified in the Certified List that Plaintiffs request.  The requested

documents may contain protected copyright information as defined in this Order.  Materials

designated by EPA in the Certified List as containing material claimed as  protected copyright

information are, in all respects, considered to be "SUBJECT TO PROTECTIVE ORDER IN

CIVIL ACTION NO. 1:20-CV-762 (D.D.C. In any production of these documents to Plaintiffs

in the Action, EPA shall so indicate on each page of the document for which a protected

copyright information claim is asserted that the protected copyright information is

"COPYRIGHT RESTRICTED - SUBJECT TO PROTECTIVE ORDER IN CIVIL ACTION

NO. 1:20-CV-762 (D.D.C.)."

(b)    Because of the burdens and delay associated with a comprehensive page-

by-page review for specific PI in the administrative record, the entirety of a document or other

material identified as protected copyright information on the Certified List shall be treated as

containing protected copyright information.

9.    CBI shall be received by and held in strict confidence by the Plaintiffs and shall

be used only for the purposes of the Action and shall not be used by Plaintiffs for any purpose

outside of the Action. PI may be disclosed only to: (i) the Court and court personnel, including

any court reporters, provided that any pleading or other document filed with the Court that

contains or discloses material designated as CBI is filed under seal according to Paragraph 7(b) of this Order, and (ii) the following persons after signature by each such person of the Certification (Attachment A hereto) that the person has received a copy of this Order and agrees to be bound thereby, and under the conditions described for each (collectively "Qualified Persons"):

(a)    Outside counsel retained by Plaintiffs to represent them in the Action, including employees, contractors, and clerical, secretarial, and paralegal support staff. Such counsel have the obligation to reasonably limit and control the number of employees, contractors, and support staff who have access to CBI received from Defendants and to ensure that each such person is aware of and complies with the terms and conditions of this Order.

(b)    The designated representatives of Plaintiffs in the Action.

(c)    Employees or contractors of the United States involved in the Action or the underlying final actions being challenged who have a need to access CBI.

10.    Nothing in this Order shall limit EPA's use or disclosure of PI not obtained under this Order for purposes other than in the course of the Action.

11.    No person who is a Qualified Person as defined in this Order may further disseminate any PI except as expressly authorized in this Order unless required by law, including a court order.

12.    Counsel of record for Plaintiffs shall be responsible for obtaining all Certifications required by this Order in advance of any disclosure that may be permitted by this Order and maintaining in safekeeping all original Certifications. For such certifications, an electronic signature shall constitute a signature and have the same effect as a handwritten signature.

(a)    If EPA becomes aware that it has inadvertently produced any information

5

or materials that should have been marked as PI without so marking, EPA shall give notice to Plaintiffs that the information should have been marked subject to this Protective Order and should be destroyed or returned.

(b)    If any Plaintiff or its representative becomes aware that it has inadvertently disclosed any information or materials that are marked as PI, that Plaintiff shall, within five business days of discovering the disclosure, (1) notify EPA of such disclosure, and (2) notify the recipient that the information is subject to this Protective Order and should be destroyed or returned. If a Plaintiff or its representative inadvertently transmits any PI (or materials or information that was not marked as PI at the time of transmission but should have been marked as PI), the Plaintiff shall notify EPA of its efforts to secure destruction or return of the inadvertently transmitted materials were unsuccessful.

(c)    A party that inadvertently discloses PI shall not be held in violation of this Protective Order if it has complied with the procedures in this paragraph and its subparagraphs.

13.    Confidentiality under this Order is to be maintained both during and after the final disposition of the Action. Any documents identified in the Certified List as containing PI which have been produced to Plaintiffs shall be returned to EPA or destroyed by counsel of record for Plaintiffs within 90 days of the conclusion of the case, i.e., after resolution of any appeal, provided that counsel of record for each party may maintain a copy of any briefs, excerpts of record, or other material filed with or presented to the Court in the Action.

14.    The production, use, and submission, pursuant to the terms of this Order, of PI shall not be construed as a waiver by any person or entity of any claim of PI.

**SO ORDERED.**

_____

LOREN L. ALIKHAN
United States District Judge

Date:   December 24, 2025

ATTACHMENT A

**Certification**

I, _____, hereby certify under penalty of

perjury that I have received a copy of and read the Protective Order Governing Protected

Information relating to the confidentiality of information in *Environmental Defense Fund v.*

*Zeldin*, No. 20-cv-762 (LLA) (D.D.C.), and I agree to, and will, keep information

confidential in accordance with the terms of said Protective Order Governing Protected

Information.

_____

Signature                                                                  Date


_____

Affiliation or Employer