UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENVIRONMENTAL DEFENSE FUND, *et al.*,

    *Plaintiffs*,

    v.

LEE ZELDIN, *et al.*,

    *Defendants*.

Civil Action No. 20 - 762 (LLA)

**ORDER**

    Plaintiffs, five environmental organizations, brought this action against the U.S. Environmental Protection Agency ("EPA") and EPA Administrator Lee Zeldin to enforce the transparency and disclosure requirements of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601 *et seq.*[1]  The parties dispute the scope of the administrative record in this case.  *See* ECF Nos. 69, 73.  While the parties agree that the record includes public files for certain pre-manufacture notices ("PMNs"), *see* ECF No. 69, at 1-3; ECF No. 73, at 1, the parties disagree as to whether Defendants must produce full, unredacted PMNs associated with Counts II, V, and VI, *see* ECF No. 69, at 3-12; ECF No. 73, at 2.

    Defendants argue that the EPA "did not look at or consider unredacted" PMNs when it assembled public files, so the unredacted PMNs "shed[] no light on EPA's decisionmaking."  ECF No. 69, at 9.  They contend that the court need not consider the unredacted PMNs to answer the legal questions presented in this case, as Defendants have already stipulated that they did not

---

[1] Plaintiffs named former EPA Administrator Andrew Wheeler as Defendant, but the current official is "automatically substituted" as a party pursuant to Federal Rule of Civil Procedure 25(d).

independently review PMN applications to determine if they contained relevant test data or if their contents were properly designated as confidential business information. *Id.* at 9-10. Plaintiffs counter that the court already rejected these arguments by partially granting their motion to compel, *id.* at 6-7; *see* ECF No. 65, and that the unredacted PMNs are necessary to show that the documents the EPA withheld actually contained test data or health and safety studies, *see* ECF No. 54, at 21-23 (arguing that the unredacted PMNs are necessary to substantiate Plaintiffs' claims regarding discrete agency actions). The court finds that Plaintiffs have carried their burden of showing that the unredacted versions of PMNs were "before the agency" when the EPA assembled public files, notwithstanding the agency's assertions that it did not rely on unredacted PMNs. *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (quoting *Env't Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981)); *see Bazzi v. Gacki*, No. 19-CV-484, 2020 WL 5653599, at *4 (D.D.C. Sep. 23, 2020) ("[I]t is well settled that an agency 'may not skew the record in its favor by excluding pertinent but unfavorable information' and may not 'exclude information on the grounds that it did not "rely" on the excluded information in its final decision.'" (quoting *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188, 196 (D.D.C. 2006))). Moreover, the parties' proposed protective order mitigates any potential issues raised by the inclusion of confidential information in the administrative record. *See* ECF No. 69-1. Accordingly, it is hereby

**ORDERED** that the record for judicial review shall include: (1) publicly available Federal Register notices identified in Counts I and III of Plaintiffs' First Amended Complaint, ECF No. 16; (2) the public files for the PMNs listed in Tables 5-8 of Plaintiffs' First Amended Complaint, *id.* at 82-93; (3) the public files for PMN Case Nos. P-16-0532, P-18-0077, and P-18-0107, identified in Table 2 of Plaintiffs' First Amended Complaint, *id.* at 68, 72; and (4) the full, unredacted PMNs listed in Tables 5 and 6 of Plaintiffs' First Amended Complaint, *id.* at 82-86. It is further

**ORDERED** that Defendants shall produce the public PMN files within the scope of the record for judicial review, with Bates-stamping, on or before January 23, 2026, and the unredacted PMNs within the scope of the record for judicial review, with Bates-stamping, on or before March 23, 2026.  It is further

**ORDERED** that the Protective Order Governing Protected Information, ECF No. 74, shall govern protected information in this case.  It is further

**ORDERED** that the parties shall file a joint status report regarding further proceedings on or before April 20, 2026.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   December 24, 2025