**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*, )<br><br>*Plaintiffs*, )<br><br>v. )<br><br>LEE ZELDIN, Administrator, U.S.<br>Environmental Protection Agency, in his<br>official capacity, *et al.*, )<br>*Defendants*. ) | Civil Action No. 1:20-cv-00762 (LLA) |

**Defendants' Reply in Support of their Motion to Govern Proceedings**

EPA is amenable to Plaintiffs' request that "the Court [] direct the parties, both here and in *Arkema*, to meet and confer to discuss the possibilities for coordination and efficiencies between the cases, including the potential for consolidation and the possibility of modifying the protective order in a manner that could satisfy Arkema." Opp. at 10-11 (ECF No. 78). Indeed, EPA intends to confer with both Arkema and Plaintiffs to determine whether a straightforward resolution of *Arkema* (e.g., by proposing amendments to the terms of this Court's protective order) is possible. But Plaintiffs' request and their opposition brief demonstrate that a stay of the unredacted PMN production is necessary. Production now would disclose the information Arkema claims as CBI and seeks to prevent disclosure of through its lawsuit. Compl. at 21, *Arkema v. EPA*, No. 1:26-cv-886 (D.D.C. Mar. 16, 2026); *see also* Mot. ¶ 8 (ECF No. 77). Requiring EPA to produce any of the unredacted PMNs would prematurely decide *Arkema* before the parties (EPA, Plaintiffs, and Arkema) have an opportunity to resolve the competing positions and defeat the purpose of coordination and possible consolidation or modifications to the protective order.

Given EPA's compliance with the impending court-ordered production deadline is directly affected by *Arkema*, as made clear by Plaintiffs' arguments in response to Arkema's complaint and the request for the Court to direct the parties to meet and confer in both cases, EPA respectfully submits this reply in support of its motion requesting that the Court stay, pending resolution of *Arkema*, the deadline for EPA to produce the unredacted PMNs that are subject to the Court's December 2025 Order.

1.      Throughout this lawsuit, EPA has maintained that, were the Court to order EPA to produce materials designated as CBI to Plaintiffs, TSCA requires EPA to provide 30 days of notice to the submitter before production.  *See* Joint Report at 11 (ECF No. 69); Joint Status Report at 2 (ECF No. 73); Mot. ¶ 2.  To complete that notice process, EPA requested 90 days after the Court's order to produce the materials designated as CBI.  Joint Report at 12; Joint Status Report at 2.  The Court provided EPA its requested 90 days to produce the materials designated as CBI, and EPA went ahead with notifying submitters pursuant to TSCA, 15 U.S.C. § 2613(g)(2).  The notice requirement in Section 2613(g)(2)(A) makes clear that it applies when EPA "intends to disclose information pursuant to subsection (d)."  Section 2613(g)(2)(B) further prohibits EPA from disclosing such information until "30 days after the date on which the person that asserted [CBI] . . . receives notification."  Here, EPA provided notice because it intended to disclose materials designated as CBI "pursuant to . . . [a] court order" under Section 2613(d)(9).  While Section 2613(g)(2)(C) provides exceptions for certain disclosures under subsection (d), it provides no exception to the notice requirement for disclosures made pursuant to Section 2613(d)(9).

2.      Contrary to Plaintiffs' framing of EPA's actions (Opp. ¶¶ 1, 3), EPA promptly acted to comply with the Court's December 2025 Order.  It worked diligently to send out notices

to provide sufficient time to verify receipt of them by February 21, 2026, which is 30 days prior to the March 23, 2026 production date.  *See* Att. 1, Bell Decl. ¶¶ 5-8; Att. 2, January 15-February 25, 2026 email correspondence between counsel.[1]  After several attempts to verify receipt, EPA obtained receipt from all companies that claimed CBI relevant in this case.  Most companies received the notice by February 21, 2026.  Bell Decl. ¶¶ 6-7.  The remaining others that claimed CBI on 17 of the 84 PMNs within the scope of the record for judicial review received notice on or before February 27, 2026, meaning that TSCA's 30-day waiting period for those PMNs lasts until March 29.  *Id.* ¶ 8.  Accordingly, EPA had planned to seek an unopposed seven-day extension of time (to March 30) to produce the unredacted PMNs.  Att. 3, March 9-12 email correspondence between counsel.

3.    While EPA was diligently working to timely seek a short extension and produce the materials designated as CBI that are within the record in this case, Arkema filed suit to prevent EPA from disclosing materials it claims as CBI.  *Arkema v. EPA*, No. 1:26-cv-886 (D.D.C.).  Because Arkema's allegations broadly implicate all materials designated as CBI that are at issue in this case, it is prudent to stay EPA's production of the unredacted PMNs until *Arkema* is resolved.  *See* Mot. ¶¶ 6-8.  Plaintiffs' opposition prematurely litigates *Arkema* and further illustrates the broad implications of that case here.

4.    Plaintiffs contend that *Arkema* need not be resolved first because TSCA's notice requirement does not apply here and, accordingly, Arkema has no right to file its lawsuit.  *See*

---

[1] For example, on January 15, 2026, EPA's counsel reached out to Plaintiffs' counsel to resolve a potential discrepancy in the number of unredacted PMNs subject to the Court's December 2025 Order so that the notices could be sent out to all submitters that claimed as CBI information subject to that Order.  After EPA counsel's prompt responses to Plaintiffs' questions and multiple follow-up emails, the parties ultimately determined that there was no discrepancy on February 25.

Opp. ¶ 2.  But that is a threshold question for resolving *Arkema*.  For example, were the Court to agree with Plaintiffs' argument, then *Arkema* would be dismissed, and there would be no legal barrier to EPA's disclosing the unredacted PMNs that are subject to this Court's December 2025 Order.  But until the Court addresses that legal issue, it remains an open question whether EPA may disclose the unredacted PMNs in this case under the existing protective order and demonstrates the appropriateness of EPA's requested stay.

5.      In any event, Plaintiffs' contention that notice was not required because EPA's disclosure would have been pursuant to Section 2613(d)(7) or (d)(8) is incorrect.  *See* Opp. ¶ 2.

6.      As to Section 2613(d)(7), EPA acknowledges that it previously cited that subparagraph in stating that the Agency would be required to provide 30 days of notice before producing materials designated as CBI.  Joint Report at 11.  That was an inadvertent typographical error, as evidenced by the statement itself.[2]  Section 2613(g)(2)(C)(iii) expressly excepts disclosures made pursuant to Section 2613(d)(7) from the notice requirement, but it does not except disclosures made pursuant to Section 2613(d)(9).  Moreover, Section 2613(d)(7) pertains to disclosure that "the *Administrator* determines is relevant in a proceeding under this chapter [of TSCA]."  15 U.S.C. § 2613(d)(7) (emphasis added).  Contrary to Plaintiffs' assertions (Opp. ¶ 2), EPA made no such determination here.  *See* EPA Resp. to Mot. to Compel at 31-34 (ECF No. 47) (arguing that disclosure of the unredacted PMNs are not relevant for addressing the legal questions raised in this case); Joint Report at 9-11 (stating the same); Joint Status Report at 2 (stating the same).  Rather, the Court made that determination.

_____

[2] Indeed, in the parties' proposed protective order attached to the Joint Report, the parties stated that the production of materials designated as CBI under the protective order "constitutes a court order for the purposes of Section 14(d)(9) of [TSCA], 15 U.S.C. § 2613(d)(9)[.]"  Proposed Protective Order at 1 (ECF 69-1).

7.      Section 2613(d)(8), which pertains to disclosure required "to be made *public* under any other provision of Federal law," also does not apply here.  15 U.S.C. § 2613(d)(7) (emphasis added).  Although this Court found that the Administrative Procedure Act required disclosure of materials designated as CBI, it did not find that such materials should be made public.  Indeed, the Court entered a protective order, which expressly provides that EPA's disclosure of the materials designated as CBI "shall not [be] consider[ed] . . . to be a public disclosure of such information" and that no CBI "shall be publicly filed with the Court." Protective Order ¶ 1 (ECF No. 74).

8.      Thus, neither of the exceptions to TSCA's notice requirement that Plaintiffs cite applies here.  *Contra* Opp. ¶ 2.  Plaintiffs incorrectly contend that EPA improperly notified CBI submitters and "voluntarily" created this situation.  *Id.* ¶ 3.

9.      Given Arkema's broad allegations and CBI designations, it is prudent to stay production of all materials designated as CBI that are within the scope of the record for judicial review pending resolution of *Arkema.*  As Plaintiffs acknowledge, Arkema seeks protection of its CBI.  *Id.* ¶ 4.  However, Plaintiffs ignore that the CBI Arkema seeks to prevent from disclosure includes Arkema's identity and that producing all other companies' unredacted PMNs would necessarily reveal Arkema as the company that submitted the two unredacted PMNs that EPA would not produce.  *See id.*; Mot. ¶ 8 (citing Arkema Compl. ¶ 67).  Instead, Plaintiffs contend that TSCA permits the CBI claimant to block only the disclosure of its submissions and does not extend to prohibit disclosure of other materials that would indirectly reveal the claimant's CBI. Opp. ¶ 4.  Yet that is also a legal question relevant for resolving *Arkema*.  Until the parties or the Court resolve that legal question, EPA proceeds cautiously.  *See* 15 U.S.C. § 2613(h) (criminal penalties for wrongful disclosure).  Likewise, Plaintiffs' argument that Arkema waived some of

the information it claims as CBI is a legal issue to be resolved in *Arkema*. *See* Opp. ¶ 5. EPA therefore asks the Court to stay production of the unredacted PMNs that are within the scope of the record for judicial review here.

10. Lastly, EPA demonstrated the clear hardship it currently faces. On one hand, EPA has been ordered to produce materials designated as CBI that are within the scope of the record for judicial review in this case. Mot. ¶¶ 3, 6. On the other hand, a new lawsuit seeks to stop that court-ordered disclosure. *Id.* ¶¶ 6-9. EPA is caught in an untenable situation it did not seek and looks to the Court for a reasonable resolution.

For the reasons provided above and in our motion, EPA respectfully requests that the Court, pending resolution of *Arkema*, stay the deadline for EPA to produce the unredacted PMNs that are subject to this Court's December 2025 Order. EPA is amenable to other options that would address EPA's bind, including a status conference to address the Agency's obligations under that Order or a meet-and-confer with Plaintiffs and Arkema. If the Court were to deny EPA's motion but determine that EPA properly provided notice under 15 U.S.C. § 2613(g)(2), then EPA respectfully requests that the Court extend EPA's production deadline to March 30, so that EPA does not run afoul of TSCA's requirement that the Agency wait 30 days after receipt of notice before disclosing materials designated as CBI. *See supra* ¶ 2.

Date: March 20, 2026                                    Respectfully submitted,


                                                        Adam R.F. Gustafson
                                                        Principal Deputy Assistant Attorney General


                                                            */s/ Jin Hyung Lee*

6

Jin Hyung Lee
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-7264
Jin.hyung.lee@usdoj.gov

7